On May 7, 2019, the Court heard oral argument on the application for leave to appeal the January 11, 2018 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
 

 However, we take this opportunity to bring the issues presented in this case to the attention of the Legislature. While, in our judgment, the Court of Appeals properly sustained defendant's conviction under MCL 750.145c(2), see
 
 People v. Willis
 
 ,
 
 322 Mich. App. 579
 
 , 586,
 
 914 N.W.2d 384
 
 (2018), defendant has nonetheless raised pertinent concerns regarding the breadth of the statute that may warrant further review by the Legislature.
 

 MCL 750.145c(2) proscribes child sexually abusive activity and child sexually abusive material:
 

 A person who persuades, induces, entices, coerces, causes, or knowingly allows a child to engage in a child sexually abusive activity for the purpose of producing any child sexually abusive material, or a person who arranges for, produces, makes, copies, reproduces, or finances, or a person who attempts or prepares or conspires to arrange for, produce, make, copy, reproduce, or finance any child sexually abusive activity or child sexually abusive material for personal, distributional, or other purposes if that person knows, has reason to know, or should reasonably be expected to know that the child is a child or that the child sexually abusive material includes a child or that the depiction constituting the child sexually abusive material appears to include a child, or that person has not taken reasonable precautions to determine the age of the child is guilty of a [felony.]
 

 For purposes of this statute, a "child" is defined as "a person who is less than 18 years of age, subject to the affirmative defense created in [ MCL 750.145c(7) ] regarding persons emancipated by operation of law." MCL 750.145c(1)(c). "Child sexually abusive activity," in turn, "means a child engaging in a listed sexual act." MCL 750.145c(1)(n). And "listed sexual act[s]" include "sexual intercourse, erotic fondling, sadomasochistic abuse, masturbation, passive sexual involvement, sexual excitement, [and] erotic nudity." MCL 750.145c(1)(i).
 

 As the Court of Appeals has previously recognized, MCL 750.145c(2) "imposes criminal liability [upon] three distinct groups of 'person[s] ....' "
 
 People v. Adkins
 
 ,
 
 272 Mich. App. 37
 
 , 40,
 
 724 N.W.2d 710
 
 (2006). The first clause imposes liability upon a person "who persuades, induces, entices, coerces, causes, or knowingly allows a child to engage in a child sexually abusive activity for the purpose of producing any child sexually abusive material ...." MCL 750.145c(2). The second clause imposes liability upon any person who "arranges for, produces, makes, copies, reproduces, or finances ... any child sexually abusive activity or child sexually abusive material ...."
 

 Id.
 

 The third clause imposes liability on a person "who attempts or prepares or conspires to arrange for, produce, make, copy, reproduce, or finance
 any child sexually abusive activity or child sexually abusive material ...."
 

 Id.
 

 Only as it pertains to the first "group" must a person act "for the purpose of producing any child sexually abusive material" in order to violate MCL 750.145c(2). In contrast, as it pertains to the second and third groups, the person must act in an effort to facilitate "child sexually abusive activity
 
 or
 
 child sexually abusive material ...."
 

 Id.
 

 (emphasis added). The Legislature's use of the disjunctive "or" in the statute is determinative.
 
 Mich. Pub. Serv. Co. v. Cheboygan
 
 ,
 
 324 Mich. 309
 
 , 341,
 
 37 N.W.2d 116
 
 (1949) (" 'Or' is ... used to indicate a disunion, a separation, an alternative."). "[O]r" thus indicates the Legislature's intention to criminalize not only efforts to produce child sexually abusive material, but also efforts to engage in child sexually abusive activity. See
 

 id.
 

 Had the Legislature intended to only proscribe activity that is undertaken with the purpose of creating child sexually abusive material, it would have said as much, as it did in setting forth the first group of violators under MCL 750.145c(2).
 

 Accordingly, the Court of Appeals correctly upheld defendant's conviction under MCL 750.145c(2).
 
 Willis
 
 ,
 
 322 Mich. App. at 582
 
 ,
 
 914 N.W.2d 384
 
 . Defendant, a 52-year-old man at the time of the conduct relevant to this case, offered a 16-year-old boy, i.e., a "child" under MCL 750.145c, money in exchange for sexual activities. Thus, defendant "attempt[ed] ... to arrange for ... or finance ... child sexually abusive activity ... for personal ... purposes ...." MCL 750.145c(2).
 

 Defendant argues that this interpretation does not accurately reflect the genuine intentions of the Legislature. More specifically, he argues that the Legislature did not intend for the statute to criminalize such a broad range of conduct. Consider, for example, an 18-year-old and 17-year-old couple who discuss engaging in sexual intercourse after their high school prom. The 17-year-old is a "child" for purposes of MCL 750.145c ; sexual intercourse is a "listed sexual act" under MCL 750.145c(1)(i) ; and thus, it appears that, under the statute, the 18-year-old could be convicted of "a felony punishable by imprisonment for not more than 25 years," MCL 750.145c(2)(b), because he or she "arrange[d] for ... child sexually abusive activity" with a person under 18 years old. We question whether this was a result the Legislature genuinely sought when it enacted MCL 750.145c(2), although the conduct indisputably falls within the purview of the language of this statute.
 

 Indeed, defendant raises a reasonable argument that MCL 750.145c(2), as written, elevates the age of consent in Michigan from 16 years old to 18 years old, effectively nullifying several otherwise important and often-employed criminal statutes of our state. The relevant age of consent under the criminal sexual conduct statutes is 16 years old. See MCL 750.520b to MCL 750.520e. Specifically, "[a] person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and if any of the following circumstances exist: (a) That other person is at least 13 years of age and under 16 years of age." MCL 750.520d(1). Revisiting the previous example, the 18-year-old would not have violated MCL 750.520d if he or she had not engaged in sexual intercourse with his or her 17-year-old partner. Nonetheless, the 18-year-old could still be convicted under MCL 750.145c(2) because he or she had "arrange[d] for ... child sexually abusive activity ...." In effect, then, the age of consent is no longer 16 years old, but 18 years old, as any sexually listed act with an individual under 18 years old could
 result in criminal liability under MCL 750.145c(2). Similarly,
 

 [a] person who accosts, entices, or solicits a child less than 16 years of age, regardless of whether the person knows the individual is a child or knows the actual age of the child, or an individual whom he or she believes is a child less than 16 years of age with the intent to induce or force that child or individual to commit an immoral act, to submit to an act of sexual intercourse ... is guilty of a felony punishable by imprisonment for not more than 4 years .... [ MCL 750.145a.]
 

 Again, the relevant age for purposes of the solicitation statute is 16 years old. Therefore, one who entices a 17-year-old to engage in sexual intercourse would not be criminally liable under MCL 750.145a. Under MCL 750.145c(2), however, one who "arranges for" that same 17-year-old to engage in sexual intercourse could be held criminally liable.
 

 Accordingly, it is somewhat difficult to harmonize the expansiveness of MCL 750.145c(2) with the rest of Michigan's criminal sexual conduct scheme. As illustrated above, MCL 750.145c(2) appears to criminalize behavior that is otherwise permissible under the criminal sexual conduct statutes. This Court, however, is bound by statutory language-"[t]he Legislature is presumed to have intended the meaning it has plainly expressed, and if the expressed language is clear, judicial construction is not permitted and the statute must be enforced as written."
 
 Robertson v. DaimlerChrysler Corp.
 
 ,
 
 465 Mich. 732
 
 , 748,
 
 641 N.W.2d 567
 
 (2002). And MCL 750.145c(2) does not require that a person act with the purpose of producing child sexually abusive material in order to fall within the second or third groups subject to criminal liability. Accordingly, defendant's conviction must be upheld and a denial of defendant's application for leave to appeal is warranted. Nonetheless, defendant has highlighted concerns regarding the breadth of MCL 750.145c(2). The Legislature may, or may not, wish to assess these concerns and possibly clarify and harmonize our child sexual abuse statutory scheme.